1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA and          )      CV 12-1726 MEJ
    EARL K.  HARTSELL, Revenue Officer,   )
13                                        )      (1) ORDER THAT CASE BE
              Petitioners,                )      REASSIGNED TO DISTRICT COURT
14                                        )      JUDGE, AND
         v.                               )
15                                        )      (2) REPORT AND RECOMMENDATION
    RANDY L. BURKE,                       )      THAT VERIFIED PETITION TO
16                                        )      ENFORCE IRS SUMMONS BE
              Respondent.                 )      GRANTED
17  _____ )

18          This matter is before the court on an order to show cause why respondent RANDY L.

19  BURKE should not be required to appear before the Internal Revenue Service (IRS) in

20  compliance with an IRS summons.  Mr. BURKE did not file any papers in response to the order

21  to show cause.  Because respondent has not consented to proceed before a magistrate judge, the

22  undersigned has prepared a report and recommendation as to the instant petition and directs the

23  Clerk of the Court to reassign this case to a District Court Judge.  Having considered the moving

24  papers and all other evidence of record, this court recommends that the petition be GRANTED.

25  The June 7, 2012 hearing is VACATED.

26  //

27  //

28  //

# I. BACKGROUND

The IRS is investigating respondent's tax liabilities for the following years: 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008. (Pet. ¶ 3).  Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's inquiry and to which the IRS has no access, possession or control.  (See id. ¶ 5).  As part of its investigation, petitioners served a summons on respondent, and the record before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.[1]  On November 10, 2011, petitioner Hartsell served a summons on respondent by leaving an attested copy of the summons at respondent's last and usual place of abode.  (See id. ¶ 6 and Ex. A).  Respondent was unable to appear before petitioner Hartsell on December 1, 2011, and was granted an extension to appear on December 15,2011.  (See id. ¶ 8).  Respondent failed to appear.  (See id. ¶ 8).  By letter dated January 11, 2012, respondent was provided another opportunity to meet with petitioner Hartsell on January 25, 2012.  (See id. ¶¶ 8-10 and Ex. B).  Respondent again failed to appear.  (See id. ¶ 10).

On April 5, 2012, petitioners filed the instant verified petition to enforce the summons. On April 5, 2012, this court issued an order to show cause, setting a hearing for June 7, 2012. Petitioners have submitted evidence showing that the order to show cause and verified petition were served on respondent on April 20, 2012. (Dkt. No. 6).  However, Mr. Burke never filed a written response to the order to show cause or the verified petition.

# II. DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summonses may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability."  26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir.

---

[1]Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a). Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons."  Id.

1    1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must establish a prima

2    facie case for enforcement by showing that the summons (1) is issued for a legitimate purpose;

3    (2) seeks information relevant to that purpose; (3) seeks information that is not already in the

4    IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue

5    Code.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  "The government's burden is a slight

6    one, and may be satisfied by a declaration from the investigating agent that the Powell

7    requirements have been met."  Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc.,

8    6 F.3d 1407, 1414 (9th Cir. 1993)).  "The burden is minimal because the statute must be read

9    broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted."  Id.

10   (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

11        Once the government has met its burden in establishing the Powell elements, if the

12   taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of

13   process or lack of good faith on the part of the IRS.  Indeed, "[e]nforcement of a summons is

14   generally a summary proceeding to which a taxpayer has few defenses."  Crystal, 172 F.3d at

15   1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)).  "The taxpayer must

16   allege specific facts and evidence to support his allegations of bad faith or improper purpose."

17   Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)).  As explained by the

18   Ninth Circuit:

19        The taxpayer may challenge the summons on any appropriate grounds, including
         failure to satisfy the Powell requirements or abuse of the court's process.  Such an
20       abuse would take place if the summons had been issued for an improper purpose,
         such as to harass the taxpayer or to put pressure on him to settle a collateral dispute,
21       or for any other purpose reflecting on the good faith of the particular investigation.
         In addition, it has become clear since Powell that gathering evidence after having
22       decided to make a recommendation for prosecution would be an improper purpose,
         and that the IRS would be acting in bad faith if it were to pursue a summons
23       enforcement under these circumstances.  While neither the Powell elements nor the
         LaSalle requirements is an exhaustive elaboration of what good faith means, still the
24       dispositive question in each case is whether the Service is pursuing the authorized
         purposes in good faith.

25

26   Id. at 1144-45 (internal quotes and citations omitted).

27        While the government's burden is not great, it is not necessarily satisfied by an agent's

28   mere assertion of relevance.  United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980).  Once

                                                 3

a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons.  Goldman, 637 F.2d at 668.

In the instant case, petitioners have met their initial burden of showing that the Powell elements have been satisfied, largely through the verification of the petition by Revenue Agent Hartsell.  See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the Powell requirements and that the government therefore "established a prima facie case to enforce the summonses"); Dynavac, Inc., 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite prima facie showing by affidavit of the agent.").

Here, the verified petition indicates that the IRS's investigation is being conducted for a legitimate purpose of collecting respondent's tax liabilities for certain periods of time.  (See Pet. ¶ 3).  The summons is relevant to that purpose.  It indicates that petitioner is collecting respondent's tax liabilities for the years 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008. Id.  The summons asks the respondent to appear and bring with him documents regarding assets, liabilities, or accounts held in the respondent's name or for the respondent's benefit which the respondent wholly or partially owns, or in which the respondent has a security interest, including bank statements, checkbooks, canceled checks, saving account passbooks, records, or certificates of deposit.  (See id. at Exhibit A).  The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.  (See Pet.¶¶ 5, 11, 12, and Exs. A and B).

Although the record presented demonstrates that respondent was duly served with notice of these proceedings, he failed to respond at all to the verified petition or the court's order to show cause.  Accordingly, he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS, and this court recommends that the verified petition to enforce the

IRS summonses be GRANTED.

## III. RECOMMENDATION

Based on the foregoing, this court recommends that the petition be granted and that an order be issued enforcing the IRS summons and directing Mr. BURKE to appear before the IRS on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  <u>See</u> 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

Petitioners are instructed to promptly serve a copy of this report and recommendation on respondent and to file a proof of service with the court.

**IT IS SO ORDERED & RECOMMENDED.**

Dated: June 4, 2012

_____
MARIA-ELENA JAMES
United States Magistrate Judge